IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATRINA SHIVERS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>REST HAVEN ILLIANA CHRISTIAN CONVALESCENT HOME,<br><br>Defendant. | Civil Action No. 1:23-cv-00262<br><br>Hon. Judge Rebecca R. Pallmeyer |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, AUTHORIZING NOTICES OF PROPOSED SETTLEMENT, AND NOTICE OF FINAL APPROVAL HEARING**

WHEREAS, upon Plaintiff's motion for preliminary approval of the class and collective action settlement in the above-captioned lawsuit, and having reviewed the motion and the exhibits thereto:

**IT IS HEREBY ORDERED THAT**:

1. The settlement memorialized in the Settlement Agreement by and between Rest Haven Illiana Christian Convalescent Home ("Defendant") and Katrina Shivers ("Plaintiff"), attached as Exhibit 1 to Plaintiff's Motion for Preliminary Approval of the Class and Collective Action Settlement (the "Settlement Agreement") is preliminarily approved as fair, adequate, and reasonable to the Class when balanced against the probable outcome of further litigation relating to class certification, liability, and potential appeals of rulings. The settlement falls within the

1

range of reasonableness and appears to be presumptively valid, subject only to the Objections of Class Members and final review of the Court.

2. It further appears that significant discovery, investigation, and research were conducted such that the Parties' counsel were able to reasonable evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed settlement has been reached as the result of intensive, informed, and non-collusive negotiations.

3. For settlement purposes, the following class is certified as a class action under Federal Rule of Civil Procedure 23:

> All current and former non-exempt hourly employees of Rest Haven who work or worked at any of Defendant's facilities within the state of Illinois at any time from March 10, 2020 through July 18, 2023.

4. For settlement purposes, the following collective is certified as a collective action under 29 U.S.C. § 216(b):

> All current and former non-exempt hourly employees of Rest Haven who worked at any of Defendant's facilities at any time from March 10, 2020 through July 18, 2023.

5. For settlement purposes, Katrina Shivers is appointed as Class Representative for the Class and Collective.

6. For settlement purposes, Michael L. Fradin and James L. Simon are appointed as Class Counsel for the Class pursuant to Rule 23(g).

7. The Court approves Optime Administration, LLCC as the Settlement Administrator.

8. The form and content of the Class Notice, including the Release, substantially in the form of Exhibit A to the Settlement Agreement (the "Class Notice") is approved for distribution to the Class.

9. The form and content of the Opt-Out Statement substantially in the form of Exhibit D to the Settlement Agreement (the "Opt-Out Statement") is approved for distribution to the Class.

10. The form and content of the FLSA Notice and Consent form, including the Release, substantially in the form of Exhibit B to the Settlement Agreement (the "Collective Notice") is approved for distribution to the Class.

11. The Settlement Administrator shall distribute by first class mail the Class Notice to the Class within the timeframe set out in the Settlement Agreement.

12. The manner and method for Class Members to opt out of the settlement, as contained in the Settlement Agreement and in the Class Notice, as well as the timing of the notice and opting out, is approved.

13. The Settlement Administrator shall distribute by first class mail the Collective Notice to the Collective within the timeframe set out in in the Settlement Agreement.

14. Plaintiff and all Class Members are enjoined from filing or prosecuting any claims, suits, or administrative proceedings (including filing claims with any Illinois state agency or department) regarding the Released Claims as defined in the Settlement Agreement unless and until such Class Members have filed valid Opt-Out Statements (as defined in the Settlement Agreement) with the Settlement Administrator and the time for filing Opt-Out Statements with the Settlement Administrator has elapsed.

15. Any Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Class Notice no later than thirty (30) days after the initial mailing of the Class Notice, together with copies of all papers in support of his/her position.

16. A final fairness hearing shall be held before this Court on 6th day of February, 2024, at 10:00 a.m. in Courtroom # 2541 of the United States District Court, located at Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to determine (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Final Judgment as provided in the Settlement Agreement should be entered granting final approval of the settlement; (c) whether, and in what amount, attorneys' fees and expenses should be awarded to Plaintiff's Counsel; and (d) whether, and in what amount, a service payment should be made pursuant to the Settlement Agreement

DATED: This 7th day of November 2023.

Rebecca R. Pallmeyer
United States District Judge